**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**


JEFF THOMAS,                     )
      **Plaintiff,**            )
                            )
      **vs.**                       )      **C.A. No. 16-293ERIE**
                            )
                            )      **District Judge Rothstein**
PRIMECARE MEDICAL, INC. et al,   )      **Magistrate Judge Baxter**
      **Defendants.**          )


**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**


### I.     RECOMMENDATION

It is recommended that this action be dismissed due to Plaintiff's failure to prosecute.

### II.     REPORT

Plaintiff filed a Complaint in this case in the Court of Common Pleas of Crawford County, Pennsylvania on November 4, 2016. Defendants removed the action to this Court on December 1, 2016, and motions to dismiss Plaintiff's complaint for failure to state a claim were filed on December 8, 2016 and December 12, 2016. ECF Nos. 1, 2, 7. This Court issued Scheduling Orders on December 8, 2016, and December 12, 2016, directing that Plaintiff file his response to the pending motions on or before January 5, 2017, and January 9, 2017. ECF Nos. 6, 9. Thereafter, Plaintiff was granted a motion for extension of time to file an amended complaint, which was filed on February 2, 2017. ECF Nos. 10, 11, 13.

Defendants filed motions to dismiss Plaintiff's amended complaint, again raising Plaintiff's failure to state a legally cognizable claim. Plaintiff was ordered to file his responses to the pending motions by March 17, 2017. ECF Nos. 15, 17, 19, 21. On March 10, 2017,

Plaintiff sought an extension of his earlier request for a stay in this matter, to respond to the motions to dismiss and to locate a physician to prepare a Certificate of Merit as to Plaintiff's state law negligence claims. ECF 12, Nos. 25. By Order dated March 10, 2017, this Court denied Plaintiff's motions to stay the action, but granted Plaintiff an extension of time until May 1, 2017, to file any Certificates of Merit and to file his brief in opposition to the pending motions to dismiss. ECF No. 26.

As of May 31, 2017, Plaintiff had not filed the required Certificates of Merit nor responded to Defendants' motions to dismiss. Defendants filed supplemental motions to dismiss citing Plaintiff's failure to comply with this Court's prior Orders. ECF Nos. 27, 29. On June 2, 2017, this Court entered an Order requiring Plaintiff to file his response to the supplemental motions to dismiss by June 30, 2017. ECF No. 32. Plaintiff failed to respond and, on July 6, 2017, this Court issued an Order to Show Cause why this matter should not be dismissed due to Plaintiff's repeated failure to comply with all outstanding Orders. ECF No. 33. The Court advised Plaintiff that failure to respond to the Order to Show Cause by July 20, 2017, would result in the Court's dismissal of the case for failure to prosecute. *Id*. The copy of the Order mailed to Plaintiff at his address of record was returned as undeliverable to the Court on July 17, 2017. As of this date, Plaintiff has yet to file any response to the Orders of this Court.

The punitive dismissal of an action for failure to comply with court orders is left to the discretion of the court. *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992). In determining whether an action should be dismissed as a sanction against a party the court must consider six factors. These factors, as set forth in *Poulis v. State Farm Fire and Casualty Company*, 747 F.2d 863, 868 (3d Cir. 1984), are as follows:

    (1)    The extent of the party's personal responsibility;

(2)     The prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery;

(3)     A history of dilatoriness;

(4)     Whether the conduct of the party or the attorney was willful or in bad faith;

(5)     The effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and

(6)     The meritoriousness of the claim or defense.

Consideration of these factors indicates that the instant action should be dismissed.

Factors 1, 3, and 4 all relate to Plaintiff's failure to comply with this Court's orders and failure to notify the Court of his change of address so that the case could proceed. These failures appear to be willful and constitute a history of dilatoriness. Thus, these factors weigh heavily against Plaintiff.

With respect to the second factor, the sole prejudice to Defendants is general delay.

The sixth factor, the meritoriousness of the claim, weighs neither in favor of nor against Plaintiff as it is too early in the litigation to assess the merits of Plaintiff's claims. Nevertheless, "[n]ot all of these factors need be met for a district court to find dismissal is warranted." *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988).

The final factor to consider is the effectiveness of sanctions other than dismissal. Since Plaintiff is a pro se incarcerated litigant, it does not appear that monetary sanctions are appropriate. Moreover, Plaintiff's failure to comply with the Court's orders, which has prevented this case from proceeding, suggests that Plaintiff has no serious interest in pursuing this case. Dismissal, therefore, is the most appropriate action for this Court to take. *Mindek*, 964 F.2d at 1373.

## III.     CONCLUSION

It is respectfully recommended that this action be dismissed due to Plaintiff's failure to prosecute.

In accordance with 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72, the parties must seek review by the district court by filing Objections to the Report and Recommendation within fourteen days. Any party opposing the objections shall have fourteen days to respond thereto. *See* Fed.R.Civ.P. 72(b)(2). Failure to file timely objections may constitute a waiver of appellate rights. *See Brightwell v. Lehman*, 637 F.3d 187, 194 n.7 (3d Cir. 2011); *Nara v. Frank*, 488 F.3d 187 (3d Cir. 2007).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: July 28, 2017

cc: All counsel of record via CM/ECF

Jeff Thomas
LW-9671
SCI-Mercer
801 Butler Pike
Mercer, PA 16137